IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHELLE THOMAS,

        Plaintiff,

    v.                                 Civil Action No. 11-449-RGA

CAROLYN W. COLVIN,
Acting Commissioner of Social Security

        Defendant.

## MEMORANDUM OPINION

David L. Rose, Esq., Washington DC, Attorney for Plaintiff

Lauren Paxton, Assistant U.S. Attorney, Wilmington, Delaware, Attorney for Defendant

November 20, 2013
Wilmington, Delaware

ANDREWS, UNITED STATES DISTRICT JUDGE:

Before the Court is Defendant's Partial Motion to Dismiss the Third Amended Complaint and Motion to Amend Caption. (D.I. 37). Defendant seeks dismissal of allegations of a driving impairment and claims relating to cancer or abnormal cell growth. Defendant also seeks to amend the caption to replace Michael J. Astrue with Carolyn W. Colvin as the Commissioner of Social Security. In considering this motion, I take as true the Plaintiff's factual allegations in her Third Amended Complaint.

## BACKGROUND

Plaintiff suffers from double vision, vertigo, cancer, and chronic lumbar pain. Plaintiff's disabilities impair her major life activities of seeing, concentrating, and working. Plaintiff has been employed by the Social Security Administration since 1990. She originally worked in New York City. In 2000, Plaintiff moved to Dover, Delaware because of her vertigo and double vision and her mother's cancer treatment. In 2001, Plaintiff sought a hardship transfer to any Social Security office in Delaware because of her mother's cancer treatment. Plaintiff's request was denied.

In February 2006, Plaintiff was transferred to the Social Security Administration office in Philadelphia, Pennsylvania. At the time, Plaintiff was living in Dover, Delaware.

In March 2009, the Assistant Regional Commissioner of the Program Services Center met with Plaintiff and a union representative. After that meeting, Plaintiff was given a temporary reasonable accommodation due to her disabilities. Plaintiff was detailed to the Social Security

Administration's Georgetown, Delaware office from April 1, 2009 through September 30, 2009. The temporary transfer was granted due to Plaintiff's vertigo, double vision, and operation necessary to remove cancer cells. During her time in the Georgetown office, Plaintiff was granted an award for her successful job performance.

After the period of her temporary reasonable accommodation ended, Plaintiff returned to work in the Philadelphia office. In December 2009, Plaintiff sought a continuation of her detail at the Georgetown office, which was denied.

In February 2010, Plaintiff applied for six vacant Claims Representative positions. Plaintiff was not selected for any position although she was qualified for those positions.

In June 2010, Plaintiff requested a reasonable accommodation and a hardship transfer to the Dover, Delaware office. Both requests were denied.

On February 22, 2011, the Social Security Administration issued its Final Agency Decision ("FAD"). The FAD addressed Plaintiff's claims that she was not selected for vacant positions, granted a hardship transfer, or granted a reasonable accommodation based on her physical disabilities of paroxysmal vertigo and chronic lumbar pain. The FAD stated that management articulated legitimate, nondiscriminatory reasons for its actions.

Plaintiff's Third Amended Complaint states one cause of action. Plaintiff alleges a claim under the Rehabilitation Act of 1973. A claim under the Rehabilitation Act requires four allegations: "(1) that the employee is subject to the statute under which the claim is brought, (2) that she is an individual with a disability within the meaning of the statute in question, (3) that, with or without reasonable accommodation, she could perform the essential functions of her job, and (4) that the employer had notice of the plaintiff's disability and failed to provide such

accommodation." *Lyons v. Legal Aid Society*, 68 F.3d 1512, 1515 (2d Cir. 1995).

Plaintiff has "alleged that she is an individual with a disability within the meaning of the statute." Defendant, however, argues that some of the allegations should be dismissed..

## DISCUSSION

### I. Driving Impairment

Defendant moves to dismiss the Third Amended Complaint to the extent that it alleges a driving impairment. It is not clear that Plaintiff's Third Amended Complaint alleges a driving impairment at all. To the extent that it may, the Defendant has failed to identify where or how such allegation is set forth in the Complaint. The Court is not required to parse out what the Defendant seeks to dismiss. Further, there is no reason to dismiss a complaint solely because of surplusage. For these reasons, Defendant's Motion to Dismiss Count One of the Third Amended Complaint to the extent that it alleges a driving impairment is denied.

### II. Impairment to Normal Cell Growth

Defendant moves to dismiss Count One of the Third Amended Complaint to the extent that it continues to include allegations regarding cancer and an impairment to normal cell growth. Defendant states that Plaintiff has not exhausted her administrative remedies in regards to her condition of fibroid cystic. (D.I. 37). "The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in the court." *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996).

Plaintiff alleges that she exhausted her administrative remedies. (D.I. 36, ¶ 64). However, multiple documents of record, submitted by Plaintiff, demonstrate that she has not exhausted her administrative remedies in regards to impairment of normal cell growth.

4

Plaintiff's May 1, 2010 request for reasonable accommodation failed to include abnormal cell growth. (D.I. 7). Instead, Plaintiff cited paroxysmal vertigo and chronic lumbar back pain as her disabling conditions. Based on the medical documentation Plaintiff submitted, the Social Security Administration's office of the Chief Medical Officer determined that Plaintiff may be considered disabled for the major life function of normal cell growth, but that Plaintiff did not submit sufficient information regarding that condition. The letter stated that Plaintiff could submit additional information for reassessment. The record does not indicate that Plaintiff submitted such additional information regarding her abnormal cell growth.

Defendant's Final Agency Decision ("FAD") states that Plaintiff requested assignment to Dover, Delaware from April 2009 through September 2009 for cancer treatment for a finite period. (D.I. 2). Due to the finite period of treatment, Plaintiff's detail in Dover was temporary. The FAD also described how Plaintiff's May 1, 2010 request for reasonable accommodation failed to include abnormal cell growth.

No new facts have been added to the record suggesting that Plaintiff has taken steps to exhaust her administrative remedies between the date of this Court's memorandum opinion on November 30, 2012 and the filing of the Third Amended Complaint on July 7, 2013. Defendant's Motion to Dismiss Count One of the Third Amended Complaint to the extent that it continues to include allegations regarding cancer and an impairment to normal cell growth is granted.

### III. Amendment of Caption

Carolyn W. Colvin is the successor to Michael J. Astrue as Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin's name

shall be substituted as the appropriate party going forward. Defendant's Motion to Amend the Caption is granted.

## CONCLUSION

For the reasons discussed above, the Defendant's Motion to Dismiss the Third Amended Complaint is granted in regards to impairment of normal cell growth and denied in regards to an alleged driving impairment. The Defendant's Motion to Amend Caption is granted. An order consistent with this opinion will be issued.