IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHELLE THOMAS,

                Plaintiff;

     v.

CAROLYN W. COLVIN,
Commissioner of the Social Security
Administration,

                Defendant.

Civil Action No. 11-449-RGA

MEMORANDUM OPINION

Gary W. Aber, Esq., Wilmington, DE; David L. Rose, Esq., Yuval Rubinstein, Esq., Rose Legal Advocates, P.C., Washington, DC, attorneys for Plaintiff.

Lauren M. Paxton, Assistant U.S. Attorney, Wilmington, DE, attorney for Defendant.

August 4, 2016

**ANDREWS, U.S. DISTRICT JUDGE:**

Presently before the Court is Plaintiff's motion to alter the judgment. (D.I. 132). The issues have been fully briefed. (D.I. 132, 133, 134). For the reasons set forth herein, the motion is **DENIED**.

## I.     BACKGROUND

Plaintiff filed this action on May 23, 2011. (D.I. 2). Plaintiff filed two amended complaints, both of which were dismissed. On July 3, 2013, Plaintiff filed the Third Amended Complaint (D.I. 36), which survived dismissal. (D.I. 44). Plaintiff, a former employee of the United States Social Security Administration (the "Agency"), alleged that the Agency discriminated against her in violation of the Americans with Disabilities Act. On May 12, 2016, the Court granted Defendant's motion for summary judgment. (D.I. 129). On May 13, 2016, the Court entered judgment in favor of Defendant. (D.I. 130).

## II.     LEGAL STANDARD

"A motion to alter or amend judgment pursuant to [Fed. R. Civ. P.] 59(e) which is timely filed and challenges the correctness of a previously entered order is considered the 'functional equivalent' of a motion for reconsideration under [D. Del. L.R.] 7.1.5." *Krolick v. Astrue*, 2008 WL 4790983, at *1 (D. Del. Nov. 3, 2008) (quoting *Corning Inc. v. SRU Biosystems*, 2006 WL 155255, at *3 (D. Del. Jan. 20, 2006)). To alter or amend the judgment, the movant must show at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not [previously] available . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Such motions should only be granted

2

sparingly and should not be used to rehash arguments already briefed." *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999).

## III.   DISCUSSION

Plaintiff moves for the Court to alter the judgment on six separate grounds.[1]

First, Plaintiff contends that the Agency violated its statutory duty to make and keep records.  Second, Plaintiff contends that the Agency failed to make an affirmative action plan pursuant to the Rehabilitation Act.  Third, Plaintiff asserts a race discrimination claim and a retaliation claim.  Fourth, Plaintiff asserts another retaliation claim.  Fifth, Plaintiff contends that the Agency failed to properly publish certain reports, and that such publication is required by the Rehabilitation Act.  Sixth, Plaintiff reiterates her opposition to summary judgment, arguing that the Agency failed to provide her with reasonable accommodation.

Aside from the reasonable accommodation claim, none of these claims were properly before the Court at summary judgment.  Plaintiff's allegations of race discrimination and retaliation were previously dismissed.  (D.I. 18, 30).[2]  As for Plaintiff's claims that Defendant failed to keep records, to make an affirmative action plan, and to publish reports, these claims were never in the case at all.  Plaintiff could not raise these claims for the first time at summary judgment, and cannot raise them now.  "At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a)." *Taylor v. Sanders*, 536 F. App'x 200, 203 (3d Cir. 2013) (quoting *Gilmour v. Gates,*

---

[1] Plaintiff raises only five grounds in the opening brief, but raises a sixth, along with some new arguments, in reply.  The Local Rules for the District of Delaware provide that "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." D. Del. L.R. 7.1.3(c)(2); *see also Chase Bank USA, N.A. v. Hess*, 2012 WL 5463127, at *1 (D. Del. Nov. 8, 2012).  Nevertheless, I will consider the matters raised in the reply.

[2] Plaintiff's briefing references her breast cancer at several points.  The Court previously dismissed Plaintiff's claims related to cancer and impairment to normal cell growth.  (D.I. 44).

*McDonald & Co.*, 382 F.3d 1312, 1515 (11th Cir. 2004)); *see also Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996) ("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.").

As for Plaintiff's reasonable accommodation claim, the arguments raised were addressed at summary judgment. Plaintiff cannot use a motion to alter the judgment to "rehash arguments already briefed." *Dentsply*, 42 F. Supp. 2d at 419; *see also Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) ("Each step of the litigation should build upon the last and, in the absence of newly discovered, non-cumulative evidence, the parties should not be permitted to reargue previous rulings made in the case.").

Plaintiff has not identified "an intervening change in the controlling law." *Max's Seafood*, 176 F.3d at 677. In support of its claim that the Agency violated its record-keeping duties, Plaintiff cites to the Supreme Court's recent decision in *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036 (2016). That case is not relevant to any claim that was before the Court at summary judgment.

Plaintiff has not identified any "new evidence that was not [previously] available." *Max's Seafood*, 176 F.3d at 677. Rather, Plaintiff relies on the same evidence, or lack thereof, that was before the Court at summary judgment.

Plaintiff has not shown that the Court's summary judgment decision included a "clear error of law or fact" or caused "manifest injustice." *Id.* While Plaintiff contends that the Defendant's reliance on *Burchett v. Target Corp.*, 340 F.3d 510 (8th Cir. 2003), was in error, the Court did not rely on *Burchett* in its decision. Additionally, Plaintiff makes many factual assertions without citation. This is improper. Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular

4

parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute . . . .").  In short, Plaintiff disagrees with the Court's summary judgment ruling, but does not explain how it was incorrect.

Therefore, Plaintiff has not satisfied any of the grounds for altering the judgment.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff's motion to alter the judgment (D.I. 132) is **DENIED**.  An appropriate order will be entered.